IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02422-BNB

JOSEPH BRADSHAW,
TIMOTHY TUTTAMORE, and
JAMIE MCMAHAN,

    Plaintiffs,

v.

BOP DIRECTOR LAPPIN,
ADX WARDEN WILEY,
UNIT TEAM MEMBER COLLINS,
UNIT TEAM MEMBER MRS. SUDLOW,
UNIT TEAM MEMBER MADISON,
F.R.P. COORDINATUR [sic] JAVERNICK,
D.R. [sic] LEYBA,
D.R. [sic] NAFZIGER,
P.A. OSAGIE,
UNKNOWN MEDICAL STAFF,
UNKNOWN DENTIST,
UNKNOWN UTILIZATION COMMITTEE MEMBERS, and
UNKNOWN PROJECTED UNIT TEAM MEMBERS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 4 2008

GREGORY C. LANGHAM
                CLERK

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

Plaintiffs, Joseph Bradshaw, Timothy Tuttamore, and Jamie McMahan, are in the custody of the United States Bureau of Prisons (BOP) and currently are incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. They have filed *pro se* an amended civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), 28 U.S.C. § 1331 (1993), and various criminal statutes, alleging that Defendants violated

their rights under the United States Constitution. They ask for money damages and injunctive relief. They also have filed a motion for a preliminary injunction.

The Court must construe liberally the motion for a preliminary injunction because Plaintiffs are *pro se* litigants. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, the liberally construed motion for preliminary injunction will be denied.

Plaintiffs ask this Court to order the BOP to delete a provision, which they contend is unconstitutional, from the Inmate Financial Responsibility Program. They apparently request the deletion of the provision in 28 C.F.R. §§ 545.10 - 545.11, which mandates that during incarceration a prisoner's unit team members schedule the timing, amount, and duration of a payment plan, not specifically ordered by the sentencing court, for court-imposed financial obligations.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. **See Lundgrin v. Claytor**, 619 F.2d 61, 63 (10th Cir. 1980). Plaintiffs fail to allege any facts that demonstrate they are facing immediate and irreparable injury. Therefore, the liberally construed motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the motion for a preliminary injunction submitted by Plaintiffs, Joseph Bradshaw, Timothy Tuttamore, and Jamie McMahan, and filed with the Court on February 26, 2008, is denied. It is

FURTHER ORDERED that the motion titled "Plaintiff(s) Pro-Se Motion for Appointment of Counsel" that Plaintiffs, Joseph Bradshaw, Timothy Tuttamore, and Jamie McMahan, submitted to and filed with the Court on February 26, 2008, is denied as premature. It is

FURTHER ORDERED that the motion titled "Plaintiff's [sic] Motion for Order That Defendants Respond" that Plaintiff, Joseph Bradshaw, submitted to and filed with the Court on February 26, 2008, is denied as premature. It is

FURTHER ORDERED that the motion titled "Motion for Leave for This Court to Extend It's [sic] 12-17-07, One Copy of a [sic] Amended Complaint Order, to One Copy of 3 Additional Pleadings Enclosed" that Plaintiff, Joseph Bradshaw, submitted to and filed with the Court on February 26, 2008, is denied as unnecessary. It is

FURTHER ORDERED that the motion titled "Motion to Reconsider Plaintiff Bradshaw's Motion for Leave Requesting Court to Enter Order for Co-Plaintiffs" that Plaintiff, Joseph Bradshaw, submitted to and filed with the Court on February 27, 2008, is denied. It is

FURTHER ORDERED that the clerk of the Court remail to all Plaintiffs copies of the January 15, 2008, "Order Denying Leave to Proceed *In Forma Pauperis*" and the February 8, 2008, minute order, both of which the clerk of the Court inadvertently and erroneously mailed only to Plaintiff, Joseph Bradshaw. It is

FURTHER ORDERED that any future motions or pleadings in this action filed on behalf of the Plaintiffs in this action shall be signed by each of the Plaintiffs in this action. It is

FURTHER ORDERED that the clerk of the Court strike from the docket any future motions or pleadings in this action filed on behalf of the Plaintiffs in this action that are not signed by each of the Plaintiffs in this action.

DATED at Denver, Colorado, this 3 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02422-BNB

Joseph Bradshaw
Reg. No. 20980-038
ADX - Florence
PO Box 8500
Florence, CO 81226

Timothy Tuttamore
Reg. No. 43018-060
ADX - Florence
PO Box 8500
Florence, CO 81226

Jamie McMahan
Reg. No. 05327-030
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/4/08

GREGORY C. LANGHAM, CLERK

By: _____
    Deputy Clerk