IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02422-BNB

JOSEPH BRADSHAW,
TIMOTHY TUTTAMORE, and
JAMIE MCMAHAN,

    Plaintiffs,

v.

BOP DIRECTOR LAPPIN,
ADX WARDEN WILEY,
UNIT TEAM MEMBER COLLINS,
UNIT TEAM MEMBER MRS. SUDLOW,
UNIT TEAM MEMBER MADISON,
F.R.P. COORDINATUR [sic] JAVERNICK,
D.R. [sic] LEYBA,
D.R. [sic] NAFZIGER,
P.A. OSAGIE,
UNKNOWN MEDICAL STAFF,
UNKNOWN DENTIST,
UNKNOWN UTILIZATION COMMITTEE MEMBERS, and
UNKNOWN PROJECTED UNIT TEAM MEMBERS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 28 2008

GREGORY C. LANGHAM
                 CLERK

## ORDER OF DISMISSAL

Plaintiffs, Joseph Bradshaw, Timothy Tuttamore, and Jamie McMahan, are in the custody of the United States Bureau of Prisons (BOP) and currently are incarcerated at the United States Penitentiary, Administrative Maximum (ADX), in Florence, Colorado. They have filed **pro se** an amended civil rights complaint pursuant to **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), and 28

U.S.C. § 1331 (1993), and various criminal statutes for injunctive relief and money damages. They have paid the $350.00 filing fee.

To the extent Plaintiffs are attempting to initiate a federal criminal prosecution, they seek to invoke the authority of United States attorneys under 28 U.S.C. § 547 (1993) to prosecute for offenses against the United States. They may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent they are attempting to do so, Plaintiffs lack standing to maintain a criminal action.

Pursuant to 28 U.S.C. § 1915A (2006), the Court is required to review the amended complaint because Plaintiffs are prisoners and are seeking redress from an officer or employee of a governmental entity. Pursuant to § 1915A(b), the Court is required to dismiss the amended complaint, or any portion of the amended complaint, that is legally frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or in which he asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended complaint, in part, as legally frivolous pursuant to § 1915A(b).

The Court must construe the amended complaint liberally because Plaintiffs are representing themselves. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigants' advocate. *See Hall*, 935 F.2d at 1110.

Plaintiffs are attempting to proceed as joint plaintiffs. Rule 20 of the Federal Rules of Civil Procedure allows a "permissive joinder of parties." Fed. R. Civ. P. 20. This rule allows persons to "join in one action as plaintiffs" if they jointly are claiming a right to relief and if they have questions of fact or law that are common to all of the persons. However, the right of persons to join together in one lawsuit is permissive, meaning that if the court does not wish to allow joinder it is not required to do so.

Plaintiffs are three individuals who have one claim in common, i.e., their challenge to the Inmate Financial Responsibility Program (IFRP), but who also are seeking injunctive relief and money damages separate from each other for individual medical claims. Plaintiffs are attempting to consolidate all of their claims, including both joint and individual claims, into this one case.

As their common claim, Plaintiffs are challenging the BOP's authority under the IFRP to establish and enforce payment amounts each must follow in connection with their Court-ordered special assessment and restitution. They complain that the BOP has forced them to sign IFRP contracts agreeing to pay $25.00 in restitution every three months, and has threatened them with being denied the ability to phase out of ADX into a lower-custody cell block unless they pay their scheduled IFRP installments.

Every court to consider a challenge to the IFRP's constitutionality has upheld it. *See McGhee v. Clark*, 166 F.3d 884, 886 (7th Cir. 1999) (noting that the IFRP "has

3

been uniformly upheld against constitutional attack"); ***Dorman v. Thornburgh***, 955 F.2d 57, 58-59 (D.C. Cir. 1992) (holding that the IFRP does not deprive inmates of constitutional rights to due process); ***Johnpoll v. Thornburgh***, 898 F.2d 849, 851 (2d Cir. 1990) (holding that the BOP did not exceed its authority in establishing the IFRP and that the program does not violate due process); *see also **United States v. Williams***, 996 F.2d 231, 234 (10th Cir. 1993) (acknowledging the other circuits' holding the IFRP constitutional).

The BOP does not violate due process by setting an individualized payment schedule for inmates for court-ordered restitution. As noted by the Second Circuit, the IFRP "serves a valid penological objective of rehabilitation by facilitating repayment of debts" and "is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." ***Johnpoll***, 898 F.2d at 850-51. Mere inducements, such as the BOP's threat of not to alter Plaintiffs' conditions of confinement, without more, "do[ ] not infringe on a prisoner's protected liberty interest." ***Dunn v. White***, 880 F.2d 1188, 1198 (10th Cir. 1989) (citing ***Kentucky Dep't of Corr. v. Thompson***, 490 U.S. 454 (1989)). The BOP, therefore, is within its constitutional authority to establish and enforce payment amounts each Plaintiff must make towards the court-ordered special assessment and restitution.

Plaintiffs common claim challenging the IFRP is meritless, and will be dismissed. Plaintiffs will be directed to file their individual medical claims in separate lawsuits because those claims are not common to all Plaintiffs in this action. *See* Fed. R. Civ. P. 20(a). Plaintiffs are reminded that any individual complaints they file must comply with

the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and must clearly allege each Defendant's personal participation in the asserted claims. Accordingly, it is

ORDERED that Plaintiffs' common claim challenging the Inmate Financial Responsibility Program (IFRP) is dismissed pursuant to 28 U.S.C. § 1915A(b) as legally frivolous. It is

FURTHER ORDERED that Plaintiffs individual medical claims are dismissed without prejudice. It is

FURTHER ORDERED that the request of Plaintiff, Joseph Bradshaw, for a preliminary injunction titled "Verified Cardiologist Evaluation and Hepatitis Liver Biopsy and Antiviral Treatment Preliminary Injunction" is dismissed without prejudice.

DATED at Denver, Colorado, this 27 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02422-BNB

Joseph Bradshaw
Reg. No. 20980-038
ADX - Florence
PO Box 8500
Florence, CO 81226

Timothy Tuttamore
Reg. No. 43018-060
ADX - Florence
PO Box 8500
Florence, CO 81226

Jamie McMahan
Reg. No. 05327-030
ADX - Florence
PO Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/28/08 .

GREGORY C. LANGHAM, CLERK

By: _____
     Deputy Clerk