IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02422-MSK-BNB

JOSEPH BRADSHAW, and
TIMOTHY TUTAMORE,

Plaintiffs,

v.

BOP DIRECTOR LAPPIN,,
MR. COLLINS,
MR. SUDLOW,
MRS. SUDLOW,
MR. KNOX,
MR. MADISON,
MR. FOSTER,
MR. FINLAN
ADX WARDEN WILEY,
DR. LEYBA,
DR. NAFZIGER,
P.A. OSAGIE,
2-13-06 JANE/JOHN DOE UTILIZATION COMMITTEE MEMBER'S [sic],
4-16-07 JANE/JOHN DOE UTILIZATION COMMITTEE MEMBER'S [sic],
JANE/JOHN DOE HEALTH SER. DIV. DIR., and
ANY AND ALL SUCCESSOR'S [sic],

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises in connection with my Order to Show Cause [Doc. #200, entered 05/17/2010]. For the following reasons, I respectfully RECOMMEND that the Complaint be DISMISSED WITHOUT PREJUDICE as to defendant Dr. Leyba.

On June 29, 2009, the district judge entered an order directing the United States Marshal to serve the defendants [Doc. #96]. On July 13, 2009, the Summons was returned unexecuted as to defendant Leyba because Dr. Leyba is no longer employed with the Federal Bureau of Prisons

[Doc. #105]. On September 21, 2009, the plaintiffs requested that counsel for the defendants provide the court with Dr. Leyba's home address under seal [Doc. #123]. The defendants' counsel responded that the defendants do not possess Dr. Leyba's home address, but he did not oppose disclosing Dr. Leyba's last known addresses under seal [Doc. #126]. On September 28, 2009, I entered an order directing counsel for defendants to provide Dr. Leyba's last known address under seal [Doc. #128]. The defendants provided the last known address for Dr. Leyba under seal [Doc #132], and the Marshal was ordered to personally serve Dr. Leyba at that address [Doc. #146]. On January 14, 2010, the Marshal filed a Process Receipt and Return which states that Dr. Leyba could not be served at the address provided because the house is vacant [Doc. #169].

Subsequently, the plaintiffs requested that counsel for the defendants be ordered to research the internet to find Dr. Leyba's current address [Doc. #151]. I denied the request, stating that "[i]t is not the responsibility of opposing counsel to research addresses for service of process" and that "[u]ltimately the plaintiffs are responsible for providing the court with the current addresses of the parties they wish to serve" [Doc. #200].

The plaintiffs additionally requested that, in the alternative, defense counsel be ordered to provide Dr. Leyba's address in Civil Action No. 07-cv-01011-DME-KMT because "it has resulted in service of Leyba in that action" [Doc. #194]. I denied the request stating that "[i]n Case No. 07-cv-01011, the Summons was returned executed as to Dr. Leyba on January 4, 2008--more than two years ago. The case was dismissed on July 7, 2009. The plaintiffs do not make any showing that Dr. Leyba is still located at his 2008 address" [Doc. #200].

I ordered the plaintiffs to show cause on or before June 17, 2010, why this case should not be dismissed as against Dr. Leyba for failure to prosecute [Doc. #200]. D.C.COLO.LCivR

41.1. I warned the plaintiffs that failure to show cause on or before June 17, 2010, would result in my recommendation that this case be dismissed as against Dr. Leyba.

In response to my order to show cause [Doc. #230], and in Doc. #221, the plaintiffs state that Dr. Leyba can be served at his office location at 6015 Buttermere Drive, Colorado Springs, Colorado 80906. However, this is the address that was provided by the defendants under seal on October 3, 2009 [Doc. #132]. The Marshal was unable to serve Dr. Leyba at that address because the house is vacant [Doc. #169].

I respectfully RECOMMEND that the Complaint be dismissed as against Dr. Leyba for failure to prosecute pursuant to D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 30, 2010.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge