**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 07-cv-02422-MSK-BNB**

**JOSEPH BRADSHAW,**

    **Plaintiff,**

v.

**D.R. [sic] NAFZIGER;
P.A. OSAGIE;
UNKNOWN MEDICAL STAFF;
UNKNOWN DENTIST;
UNKNOWN UTILIZATION COMMITTEE MEMBERS; and
UNKNOWN PROJECTED UNIT TEAM MEMBERS,**

    **Defendants.**

_____

**OPINION AND ORDER DENYING MOTIONS**
_____

**THIS MATTER** comes before the Court pursuant to Mr. Bradshaw's Motion to Reopen Record **(# 342)**, the Defendants' response **(# 349)**, and Mr. Bradshaw's reply; Mr. Bradshaw's Motion For Leave to Supplement Injunctive Relief Claim **(# 343)**, and the Defendants' response **(# 344)**; and Mr. Bradshaw's Motion to Introduce Newly-Discovered Evidence **(# 346)**, the Defendants' response **(# 347)**, and Mr. Bradshaw's reply **(# 348)**.

The Court will assume the reader's familiarity with the issues in this case and its procedural posture. Of particular note is that the instant motions were filed while Mr. Bradshaw was simultaneously appealing several Orders of this Court that, cumulatively, granted judgment to the Defendants on all of Mr. Bradshaw's claims. Recently, the 10th Circuit affirmed this Court's granting of judgment to the Defendants on all of Mr. Bradshaw's claims. *Bradshaw v.*

1

*Lappin*, 2012 WL 2045672 (10th Cir. Jun. 7, 2012) (slip op.). As explained below, the 10th Circuit's ruling renders each of the instant motions moot.

Mr. Bradshaw's Motion to Reopen **(# 342)**, Mr. Bradshaw directs the Court to *Toevs v. Reid*, 646 F.3d 752 (10th Cir. 2011), in which the court found that a state prison inmate had a protectible liberty interest in not being subjected to an open-ended "stratified quality of life program" that granted (or removed) various privileges to inmates as they progressed through the program. The court's conclusion that the inmate possessed a liberty interest in avoiding assignment to the most-restrictive levels of the program was primarily driven by the fact that the program did not limit the amount of time that an inmate could be subjected to it or the number of times an inmate could be regressed to lower privilege levels. *Id.* at 757. Mr. Bradshaw argues that the step-down program at ADX is akin to the quality of life program in *Toves*, such that the Court should analyze the existence of a liberty interest he might have in accessing (and completing) the step-down program according to the analysis in *Toves*.

This contention is without merit for two reasons. First, the *Toves* opinion Mr. Bradshaw relies upon was later withdrawn by the 10th Circuit upon rehearing. *Toevs v. Reid*, 685 F.3d 903 (10th Cir. 2012). In its opinion upon rehearing, the court abandoned the liberty interest analysis Mr. Bradshaw relies upon, instead simply observes that the appellees did not challenge the trial court's finding of a liberty interest on appeal, and thus, the court was not required to engage in any such analysis. *Id.* at 911 ("we need not decide whether Mr. Toevs actually has established a liberty interest because, on appeal, defendants do not challenge the district court's conclusion" that he had). Thus, Mr. Bradshaw's request that this Court reconsider its prior decisions in light of *Toves*' initial analysis is without merit, as the 10th Circuit has expressly withdrawn that

decision and repudiated that analysis.

Moreover, Mr. Bradshaw's request is without merit for an additional reason: the 10th Circuit has now affirmed this Court's prior rulings "in all respects" on the liberty interest question. *Bradshaw*, 2012 WL 2045762 at *5. That affirmance having been delivered after the opinion upon rehearing in *Toevs*, it is clear that the Court of Appeals has approved of this Court's analysis of the liberty interest question. *See also id.* *6 ("[t]he conditions at ADX . . .do not, in and of themselves, give rise to a liberty interest" in any event). Thus, because the Court of Appeals has disavowed *Toves* and affirmed this Court's conclusion that Mr. Bradshaw failed to identify a protected liberty interest, his Motion to Reopen is denied.

Mr. Bradshaw's Motion to Supplement **(# 343)** seeks to modify the nature of the relief Mr. Bradshaw requests should the Court ultimately find merit in his Due Process claim. The motion itself makes clear that its significance is dependent upon either this Court or the 10th Circuit finding merit in Mr. Bradshaw's Motion to Reopen based on *Toevs*. Because this Court has denied Mr. Bradshaw's Motion to Reopen as set forth above, and the 10th Circuit has affirmed the entry of judgment in favor of the Defendants on Mr. Bradshaw's Due Process claim, the Motion to Supplement is denied as moot.

Finally, Mr. Bradshaw moves, pursuant to Fed. R. Civ. P. 60(b)(2), to submit "newly-discovered evidence" **(# 346)** – specifically, an August 2011 medical report that notes that Mr. Bradshaw has a history of heart disease. Mr. Bradshaw contends that this evidence is relevant to his deliberate indifference claims against Defendants Nafzinger and Allred. Although the 10th Circuit has since affirmed this Court's grant of summary judgment to Dr. Nafzinger and Dr. Allred, this Court does not presume that the affirmance moots Mr. Bradshaw's motion. In

theory, if Mr. Bradshaw's "newly-discovered evidence" is properly before the Court and, if considered, would warrant a different outcome, it might be appropriate for the Court to consider it.

But neither of these preconditions are present. Mr. Bradshaw's evidence does not meet the standard for being "newly-discovered" because it was not in existence on March 10, 2011, the date of the Court's Opinion **(# 313)** addressing Mr. Bradshaw's medical claims. To constitute "newly-discovered evidence," the evidence in question must have **existed** at the time of the court's judgment, even though it was unknown to the party now presenting it; evidence that came into existence only **after** the court's ruling was issued is not "newly-discovered." *In re Four Seasons Securities Law Litigation*, 63 F.R.D. 422, 432 (W.D. Ok. 1974). This is because reconsideration under Rule 60(b) is warranted only in circumstances where the evidence "would have produced a different result if presented before the original judgment." *Satyam Computer Servs. Ltd. v. Venture Global Engineering, Inc.*, 323 Fed.Appx. 421, 427 (6th Cir. 2009) (unpublished). Obviously, evidence that was not in existence at the time of the original judgment could not have produced a different result.

Here, the evidence Mr. Bradshaw tenders is a medical report dated August 19, 2011, some six months after the Court's March 10, 2011 Opinion. Thus, because the report was not in existence at the time of the Court's Opinion, it is not "newly-discovered evidence" for purposes of Rule 60(b)(2).

Even if the Court were to have considered Mr. Bradshaw's new evidence at the time it issued its March 2011 Opinion, the result would have been no different. The Court granted summary judgment to Dr. Nafzinger not because the Court did not consider Mr. Bradshaw to

have a history of heart disease (indeed, the Court adopted "Mr. Bradshaw's version of events," including his contention that Dr. Nafzinger identified his symptoms as being "heart attack/heart disease symptoms," *Docket #* 313 at 13, 14), but because Mr. Bradshaw could not show the necessary element that the delay in treating him caused him to suffer "substantial harm." *Id.* at 14-16. The 10th Circuit affirmed the Court's conclusion that Mr. Bradshaw had not demonstrated "substantial harm" resulted from any delay in treatment by Dr. Nafzinger. *Bradshaw*, 2012 WL 2045672 at *5 ("   The point is that the district court correctly held that Mr. Bradshaw was obligated to offer proof that he suffered substantial harm from the lack of a cardiac consult to withstand Dr. Nafziger's motion for summary judgment, and he failed to do so"). Thus, the evidence now tendered by Mr. Bradshaw is irrelevant to the issues upon which the Court granted summary judgment to Dr. Nafzinger.[1] Accordingly, Mr. Bradshaw's motion to submit newly-discovered evidence is denied.

---

[1] The Court need not address the relevance of Mr. Bradshaw's tendered evidence to his claims against Dr. Allred, insofar as the 10th Circuit observed that Dr. Allred was never properly made a defendant.

For the foregoing reasons, Mr. Bradshaw's Motion to Reopen Record **(# 342),** Motion For Leave to Supplement Injunctive Relief Claim **(# 343)**, and Motion to Introduce Newly-Discovered Evidence **(# 346)** are **DENIED**.  The Court notes that the Clerk of the Court has already closed this case.

Dated this 20th day of August, 2012

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge